UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No: 1:25-CR-59 |
| | : | |
| v. | : | (Judge Keli M. Neary) |
| | : | |
| MUNEERAH ABDULLAH | : | |
| Defendant | : | Electronically Filed |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW, the United States of America, by and through its

attorneys, Brian D. Miler, United States Attorney for the Middle

District of Pennsylvania, and Alisan V. Martin, Assistant United States

Attorney, and files this Sentencing Memorandum requesting that the

Court sentence the Defendant, Muneerah Abullah ("Abdullah") to a

guideline term of imprisonment.

**A. Background**

The Office of the Inspector General at the Department of Labor

investigated Abdullah after receiving information that she was filing

fraudulent claims for Pandemic Unemployment Assistance ("PUA")

Between June and July 2020, Abdullah filed six claims from an IP

address associated with her home address in Chester, PA. The claims

were filed for herself along with five people, identified in the indictment

as KS, JM, SA, JD, and KA.  The additional five claimants were all incarcerated at the time Abdullah filed the claims in their names.

Each of the six claims filed by ABDULLAH included fraudulent answers to questions concerning the claimant's eligibility to receive the assistance. Abdullah herself was not eligible to receive the assistance as she had no legitimate employment prior to the COVID-19 pandemic. The 5 incarcerated individuals were not eligible due to their inmate status.

Over the course of the scheme, Abdullah profited approximately $59,823 as a result of her fraudulent acts. The total loss to the Department of Labor was $117,585.

On February 27, 2025, the Grand Jury returned an indictment charging Abdullah with six counts of wire fraud in violation of Title 18 U.S.C. § 1343. Doc. 1.  On July 29, 2025, the defendant pled guilty to Count 1 of the Indictment pursuant to a written plea agreement. United States Probation prepared a Presentence Report ("PSR") that was filed on November 5, 2025.  Doc. 26.  Sentencing is scheduled before this Court on December 17, 2025.

B.    **Sentencing Guidelines**

The Sentencing Guidelines are the lodestar of federal sentencing proceedings. *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). They inform and instruct the district court's determination of what is an appropriate sentence. *Id.* Under the Sentencing Guidelines in effect as of November 1, 2025, the sentencing process is essentially a two-step process. See USSG §5H1.1-1.12 [deleted]. The district court must decide the guideline range. See *Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Boney*, 769 F.3d 153, 159 (3d Cir. 2014). Then, the sentencing judge is required to fashion a sentence after making an individualized assessment of the defendant and considering all of the 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 50; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

The United States notes that the advisory guideline calculations set forth in the Presentence Report ("PSR") are 15 to 21 months based on criminal history category II and a total offense level of 13. Doc. 33, ¶52.

The defense objects to Paragraph 23 and its assignment of one point for a Harassment conviction, analogizing the offense to Disorderly Conduct. The United States agrees with the U.S. Probation Office that

the point is properly assigned. In *United States v. Pelker*, the Third

Circuit differentiated the two statutes, noting that disorderly conduct

concerns an intent to create a public disturbance rather than

harassment's intent to harm a person. 821 Fed.Appx. 93 (3d Cir. 2020).

The Court concluded that "the difference between an intent to

cause personal harm and an intent to cause public inconvenience is

fundamental, outweighing any overlapping conduct or similar

grading." *Id.* at 97.

Here, Abdullah's offense was a violation of Title 18 Pa. Cons. Stat.

§ 2709 §§ (a)(1) – Harassment Subject Other to Physical Contact. *See*

Government Exhibit 1. That section of the statute reads:

> (a) Offense defined.--A person commits the crime of harassment
> when, with intent to harass, annoy or alarm another, the person:
>
> > (1) strikes, shoves, kicks or otherwise subjects the other
> > person to physical contact, or attempts or threatens to do
> > the same…

The specific statute of conviction supports the exact reasoning in

*Pelker*. The objection should be overruled.[1]

---

[1] The United States has made a request for documents containing the
details of the offense conduct and will supplement the record should
documentation be received in advance of sentencing.

## B.     Balancing of Section 3553(a) Factors

The final step in the sentencing process is the balancing of the section 3553(a) factors. These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -
     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
     (B) to afford adequate deterrence to criminal conduct;
     (C) to protect the public from further crimes of the defendant; and
     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established ...

(5) any pertinent policy statement ...

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

During this stage of the sentencing proceeding, the district court is required to not only balance these factors but to create a sufficient record for an appeals court to have confidence that it has considered these factors. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). While the record does not have to address every possible argument, "a colorable argument about the applicability of one of the §3553(a) factors" should be addressed. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010).

### 1. <u>Nature and circumstances of the offense.</u>

Abdullah's offense conduct is undoubtedly serious. In order to understand the particular seriousness, we must reflect on where the United States and the world were in the early months of the COVID-19 pandemic. It was a time where the local and state governments, along with the federal government were all taking unprecedented steps with the hope of keeping people safe and healthy, while not forcing them into destitution. Unprecedented restrictions of economic endeavors were balanced with unprecedented availability of unemployment assistance.

Abdullah, like many others, took advantage of this dire situation and the loosening of protections. She perpetuated a significant fraud at

the expense of the taxpayer resulting in a $117,000 loss to the government.

## 2. The defendant's history.

While Abdullah has a modest criminal history, it is notable that the minor offenses and the mercy she received from other Courts did so little to dissuade her from engaging in this very serious offense.

As far as Abdullah's personal history, she appears healthy and capable of maintaining employment. There are no acute circumstances that serve to mitigate her culpability in taking advantage of PUA during a national and global crisis.

## 3. The need for the sentence imposed.

A guideline sentence is necessary in this case, specifically in order to adequately deter this type of conduct. Fraud of government benefits is all too common and too rarely punished.[2] On the occasions when such fraud is discovered and exposed through criminal investigation

---

[2] *See Fraud and Its Consequences—Who Steals from Federal Programs and What's the Cost?*, U.S. GOVERNMENT ACCOUNTABILITY OFFICE, (Jul. 17, 2025), https://www.gao.gov/blog/fraud-and-its-consequences-who-steals-federal-programs-and-whats-cost ("We estimated fraud for unemployment insurance programs between $100-135 billion from April 2020 through May 2023.")

and prosecution, a sentence must be crafted in order to effectively deter the actions of others.  A sentence that treats this case lightly invites more of the same type of criminal conduct.

### 4. Avoiding an unwarranted disparity.

A guideline sentence would not lead to a sentencing disparity in this case.

### C.    Restitution

Last year, the Third Circuit issued a precedential ruling that clarifies the obligations of the United States when there is a discrepancy between recommendations made by the Government in a plea agreement and recommendations made by probation in a PSR.

The introduction of *United States v. Cruz* reads as follows:

> *Prosecutors must keep their promises … The prosecution here did not do that. Though it promised to support a total offense level of 14 at sentencing, it later endorsed an extra enhancement. After the defendant objected, the prosecution changed course and took no position on the enhancement. But that was not enough.*
> 95 F.4th 106, 108-109 (3d Cir. 2024)

Here, after negotiations, the parties agreed to make the recommendation for restitution based on the interest of the investigating agency, the defendant's actual culpability, and the nature

of the party to whom restitution would be ordered. The prosecution seeks to honor its promise by recommending the Court order restitution in the amount of $ 59,823.

## III. CONCLUSION

For the foregoing reasons, the government requests that the Court impose a sentence within the guidelines, a period of supervised release, and a $100 special assessment.

Respectfully submitted,

BRIAN D. MILLER
United States Attorney

Dated: December 8, 2025          /s/ Alisan V. Martin
                                 ALISAN V. MARTIN
                                 Assistant U.S. Attorney

9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No: 1:25-CR-59 |
| | : | |
| v. | : | (Judge Keli M. Neary) |
| | : | |
| MUNEERAH ABDULLAH | : | |
| Defendant | : | Electronically Filed |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on December 8, 2025, he served a copy of the attached

## GOVERNMENT'S SENTENCING MEMORANDUM

by electronic means at the addresses stated below.

Addressee:

Lori J. Ulrich, Esquire
Lori_Ulrich@fd.org

Dated: December 8, 2025                    s/Alisan V. Martin
                                           ALISAN V. MARTIN
                                           Assistant United States Attorney